

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 13 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WILLIAM WALTER YOUNGSTROM, §
§
Petitioner, §
§
v. § No. 4:16-CV-672-A
§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 filed by petitioner, William Walter Youngstrom,

a state prisoner incarcerated in the Correctional Institutions

Division of the Texas Department of Criminal Justice (TDCJ),

against Lorie Davis, director of TDCJ, respondent. After having

considered the pleadings, state court records, and relief sought

by petitioner, the court has concluded that the petition should

be denied.

### I.  PROCEDURAL HISTORY

Petitioner was charged in Hood County, Texas, Case No.

CR12355, with delivery of four grams or more but less than 200

grams of methamphetamine. (Clerk's R. 8-10, doc. 11-11.)

Following a jury trial, the jury found him guilty and assessed

his punishment at 27 years' imprisonment and a $2,500 fine. (Id.

at 44; Mem. Op. 7-8, doc. 11-4.) Petitioner appealed his

conviction, but the Seventh District Court of Appeals of Texas affirmed the trial court's judgment as modified and the Texas Court of Criminal Appeals refused his petition for discretionary review. (Electronic R., doc. 11-1.) Petitioner also filed a state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court. This federal petition followed.

The state appellate court summarized the facts of the case as follows:

> In December 2012, an indictment was filed alleging that, on or about September 8, 2012, [petitioner] intentionally and knowingly delivered four grams or more but less than two hundred grams including any adulterants and dilutants, of a controlled substance, to-wit: methamphetamine, by actually transferring the drug to Ray Miller. . . . The indictment also included a second count alleging the offense of possession of a controlled substance of less than one gram including adulterants and dilutants. . . . As to the second count in the indictment, following the assessment of sentence, it was voluntarily dismissed by the State. Prior to trial, [petitioner] filed a Motion to Suppress [his] Written and Oral Statements made while he was under arrest or following his request for an attorney. There is no evidence or transcription of a pretrial suppression hearing in the record.
>
> At trial, Ray Miller, a narcotics investigator for Hood County Sheriff's Office, testified that, in September 2012, he was told by an informant that he could purchase drugs if he called [petitioner]'s telephone number. Miller texted [petitioner]'s number and negotiated the price of a quarter ounce of methamphetamine--$550. Miller also negotiated the transaction and arranged its location at a halfway point between the west side of Fort Worth and Granbury-a Tiger Mart in Cresson. [Petitioner] texted Miller that he would arrive in a black 2010 Ford Taurus.

The transaction occurred as the parties had negotiated in their texts. Miller arrived at the Tiger Mart and awaited the Ford Taurus. The Taurus arrived and pulled in front of Miller's car. Miller walked up to the Taurus and entered through the rear passenger door. Two persons were in the front seat—the driver and [petitioner]. [Petitioner] identified himself as "Will" and almost in a continual motion, turned around and displayed a baggie containing methamphetamine. Miller handed [petitioner] $550, and [petitioner] handed him the baggie. Miller then gave a visual bust signal, officers approached the Taurus, and [petitioner] was arrested.

After [petitioner]'s arrest, Miller located [petitioner]'s activated cellphone in the front seat of the Taurus. On his way to the station, Miller accessed the cellphone's text messaging system and took pictures of the texting correspondence between himself and [petitioner]. No passcode or password was necessary. The texts on [petitioner]'s phone were the same as the texts on Miller's phone. Both sets of texts were admitted into evidence. [Petitioner]'s attorney asserted the admission of [petitioner]'s text messages was illegal because [petitioner]'s search was warrantless. Miller testified it would take approximately an hour and a half to obtain a warrant and he was concerned the texts would be erased. The trial court overruled [petitioner]'s objection. William Watt, a narcotics investigator who assisted Miller, corroborated Miller's testimony.

At the conclusion of the State's case, [petitioner] re-urged his motion to suppress and was overruled.

(Mem. Op. 3, doc. 11-4.) Also introduced into evidence at trial were video recordings of the drug transaction and of petitioner's custodial interrogation with officer Watt, in which he apparently confessed to the crime.[1] (Reporter's R., vol. 3, 39, 84-86, doc. 11-8.) Petitioner did not testify or call any witnesses during

---

[1]The recordings were not provided to the court by the parties.

the guilt/innocent phase of his trial.

## II.  ISSUES

Petitioner's claims for relief are not clearly delineated, however they seem to fall within the following general categories: (A) admissibility of the text messages and video recordings; (B) sufficiency of the evidence; and (C) ineffective assistance of counsel. (Pet. 6-7A, doc. 1; Pet'r's Mem. 5-18, doc. 2.)

## III.  RULE 5 STATEMENT

Respondent believes that the petition is neither successive nor barred by the statute of limitations, but that one or more of petitioner's claims are unexhausted and/or procedurally barred. (Resp't's Ans. 6, doc. 13.)

## IV. DISCUSSION

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is

4

difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002). Further, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas-corpus application without written opinion, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law" in making its decision. *Johnson v Williams,* 568 U.S. 289, 298 (2013); *Richter,* 562 U.S. at 99; *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2004).

**A. Text Messages and Video Recordings**

5

Petitioner claims that the text messages were inadmissible as fruit of the poisonous tree because they were obtained without his consent or a warrant to search of his cell phone, citing *Riley v. California,* --- U.S. ---, 134 S. Ct. 2473 (2014) (holding the search incident to arrest exception to the warrant requirement does not extend to a search of digital contents of a lawfully seized cell phone absent exigent circumstances), and *State v. Granville,* 423 S.W.3d 399 (Tex. Crim. App. 2014). (Pet. 6, doc. 1; Pet'r's Mem. 5, doc. 2.) *Stone v. Powell,* 428 U.S. 465, 481-82 (1976), bars consideration of this claim. Petitioner objected to admission of the text messages at trial and raised the same or similar claim in his state habeas application. (Reporter's R. 29, 107, doc. 11-8; State Habeas R. 11, doc. 12-1.) Thus, he had an opportunity to litigate the issue in the Texas state courts, the issue was considered, and ultimately decided by the trial court against petitioner.

Further, both cases cited by petitioner were decided after the conclusion of petitioner's trial in August 2013. As recently as 2012, the Fifth Circuit upheld a warrantless search of a cell phone when done incident to an arrest. *See United States v. Rodriguez,* 702 F.3d 206, 209 (5th Cir. 2012) ("In *United States v. Finley,* [477 F.3d 250, 259-60 (5th Cir. 2007)], we held that a search incident to an arrest of the contents of a cell phone found on an arrestee's person for evidence of the arrestee's

crime was allowable, analogizing it to a search of a container found on an arrestee's person."). It was not until *Riley* was issued in 2014 that it became clearly established (at least in the Fifth Circuit) that warrantless searches of cell phones violated the Fourth Amendment. The search here occurred on September 8, 2012. Therefore, at the time of the search and petitioner's trial in 2013, it was not "clearly established" that in order to search a cell phone after a valid arrest a warrant was needed.

Finally, the state appellate court assumed without deciding that the trial court erred in admitting the text messages but nevertheless concluded that the error was harmless beyond a reasonable doubt. (Mem. Op. 4-5, doc. 11-4.) Citing to relevant state law, that court addressed the claim as follows:

> Assuming, without deciding, the trial court erred in admitting [petitioner]'s text messages, we find beyond a reasonable doubt that any error did not contribute to [petitioner]'s conviction or punishment. That is, any error was harmless.
>
> In applying the "harmless error" test, our primary question is whether there is a "reasonable possibility" that the error might have contributed to the conviction. Our analysis does not focus on the propriety of the outcome of the trial; instead, we calculate as much as possible the probable impact on the jury in light of the existence of other evidence. In our analysis, we evaluate the entire record in a neutral, impartial and even-handed manner.
>
> [Petitioner]'s text messages aside, other evidence at trial, including Miller's and Watt's testimony, establishes the circumstances leading up to and during [petitioner]'s arrest. Moreover, the text messages on

> Miller's cellphone are near mirror images of the texts
> admitted from [petitioner]'s phone. Given the
> cumulative nature of [petitioner]'s texts and the
> overwhelming evidence of [petitioner]'s guilt, we
> cannot say that a juror would put much, if any, weight
> on [petitioner]'s text messages. Accordingly, it was
> unlikely the admission of [petitioner]'s text messages
> greatly affected the jury after Miller testified, and
> his text messages recounting the negotiations and
> arrangements undertaken to complete the drug
> transaction were entered into evidence. We find the
> admission of [petitioner]'s text messages harmless
> error, if there was error at all.

(Mem. Op. 4-5, doc. 11-4.)

This court must uphold the state court's resolution of
petitioner's claim on the basis of harmless error, so long as the
error, in light of the record as a whole, did not have a
substantial and injurious effect or influence on the verdict.
*Brecht v. Abrahamson,* 507 U.S. 619, 637-38 (1993); *Robertson v.
Cain,* 324 F.3d 297, 306-07 (5th Cir. 2003). As the state court
found, the evidence of petitioner's guilt was overwhelming even
without the text messages. As such, this court cannot conclude
that admission of the text messages had a substantial and
injurious effect or influence on the jury's verdict. Thus, under
§ 2254(d)(1), we may not substitute our own judgment for that of
the state court. *See Woodford v. Visciotti,* 537 U.S. 19, 24-25
(2002).

Petitioner also claims that the trial court erroneously
admitted the video recordings of the drug transaction and his
custodial interrogation without affording him a jury instruction

under article 38.23 of the Texas Code of Criminal Procedure and erroneously admitted extraneous offense evidence of the methamphetamine found on his person incident to his arrest. No objection was raised to the admission of the recording of the drug transaction at trial. (Reporter's R., vol. 3, 40, doc. 11-8.) Thus, the trial court would not be in error by admitting same at the state's request. Further, although, a motion to suppress was filed regarding the admissibility of the recording of petitioner's custodial interrogation, as noted by the state appellate court, there is no evidence or transcription of a pretrial suppression hearing in the record. Thus, it is impossible for this court to determine what, if any, ruling was made by the trial court and/or the legal and factual basis for such ruling.

Lastly, petitioner claims that the trial court erroneously admitted extraneous offense evidence of the methamphetamine found on his person incident to his arrest. (Reporter's R., vol. 3, 24-26, doc. 11-8.) A state court's evidentiary rulings are not inherently suspect and are generally not cognizable on federal habeas review of a state conviction. *See Estelle v. McGuire,* 502, U.S. 62, 67 (1991); *Wood v. Quarterman,* 503 F.3d 408, 414 (5th Cir. 2007); *Derden v. McNeel,* 978 F.2d 1453, 1458 (5th Cir. 1983). A federal habeas court will disturb state court evidentiary rulings on habeas review only if they render the

trial fundamentally unfair. *Payne v. Tennessee,* 501 U.S. 808, 825 (1991). The admission of extraneous offense evidence does not render a petitioner's trial fundamentally unfair if the state "makes a strong showing that the defendant committed the offense and if the extraneous offense is rationally connected with the offense charged." *Wood,* 503 F.3d at 414. In this case, the evidence of petitioner's guilt was very strong and the discovery of a smaller amount of the same controlled substance on petitioner's person bears a rational relationship to the charged offense. Thus, admission of the extraneous offense evidence did not render petitioner's trial fundamentally unfair.

## B. **Sufficiency of the Evidence**

Petitioner claims that, absent the text messages or evidence and corroborating officer Miller's testimony that the exchange occurred, such as the "buy money," "there is no evidentiary support of any pre-arranged sale of narcotics." (Pet'r's Mem. 7-8, 17, doc. 2.) Respondent asserts that this claim is procedurally barred because it was not raised on direct appeal and a sufficiency-of-the-evidence claim is not cognizable on state habeas review. (Resp't's Answer 10-12, doc. 13.)

Under Texas law, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding. *See West v. Johnson,* 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte Grigsby,* 137 S.W.3d 673, 674 (Tex.

Crim. App. 2004). The Texas Court of Criminal Appeals has
confirmed that when a state habeas applicant challenges the
sufficiency of the evidence in a state habeas application, and it
subsequently disposes of the application by entering a denial
without written order, the applicant's sufficiency claim was
denied because the claim is not cognizable. *Ex parte Grigsby,* 137
S.W.3d at 674. Under these circumstances, reliance on the
procedural default by the state court is established and presents
an adequate state procedural ground barring federal habeas
review. *Ylst v. Nunnemaker,* 501 U.S. 797, 801-07 (1991).
Therefore, absent a showing of cause and prejudice or a
miscarriage of justice, such showing not having been demonstrated
by petitioner, the claim is procedurally barred from this court's
review.

### C. Ineffective Assistance of Counsel

A criminal defendant has a constitutional right to the
effective assistance of counsel at trial and on a first appeal as
of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S.
387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688
(1984); *Anders v. California*, 386 U.S. 738, 744 (1967). To
establish ineffective assistance of counsel, a petitioner must
show (1) that counsel's performance fell below an objective
standard of reasonableness, and (2) that but for counsel's
deficient performance the result of the proceeding would have

11

been different. *Strickland*, 466 U.S. at 688. In applying this test, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

The Supreme Court emphasized in *Harrington v. Richter* the manner in which a federal court is to consider an ineffective-assistance-of-counsel claim raised in a habeas petition subject to AEDPA's strictures:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

562 U.S. at 101 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000)). Accordingly, it is necessary only to determine whether the state courts' rejection of petitioner's ineffective-assistance claims was contrary to or an objectively unreasonable application of *Strickland. Bell v. Cone,* 535 U.S. 685, 698-99

(2002); *Kittelson v. Dretke,* 426 F.3d 306, 315-17 (5th Cir. 2005); *Schaetzle,* 343 F.3d at 443.

From what the court gleans from petitioner's pleadings, he claims his trial counsel was ineffective in the following respects:

    (a)    failing to file a motion to suppress his cell phone and its contents prior to trial and to supplement his motion to suppress the recording of his custodial interrogation based on the fact that "he was interrogated with the photographs of the contents of his cell phone";

    (b)    failing to supplement his request for a lesser included offense charge of possession "based on the fact that the alleged buy money was never recovered or admitted into evidence to corroborate the charge of delivery for remuneration" and "based upon the absence of corroborating evidence to establish a delivery by actual transfer" pursuant to state statutes;

    (c)    failing to move to suppress and/or object to state's exhibits 30 (the recording of the drug transaction) and 31 (the recording of his custodial interrogation) as fruits of the poisonous tree;

    (d)    failing to object to admission of the extraneous offense evidence of the methamphetamine found on his person incident to his arrest because it was not tested to show that it was, in fact, methamphetamine, it was extraneous offense evidence not proven by the state beyond a reasonable doubt, and it was not relevant to the offense charged after the state abandoned count two of the indictment;

    (e)    failing to request a jury instruction under article 38.23 of the Texas Code of Criminal Procedure;

    (f)    failing to argue that the state had failed to prove that he was in possession of any "buy

money"; and

(g) failing to object to officer Miller's testimony that officer Watt conducted a search of petitioner and found the smaller baggie of methamphetamine as hearsay and impermissible character evidence.

(Pet. 9-16, doc. 2.)

Respondent asserts that one or more of petitioner's claims are unexhausted and procedurally barred.[2] (Resp't's Answer 7-10, doc. 13.) The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state on direct appeal or in state postconviction proceedings. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842-48 (1999); *Fisher v. Texas,* 169 F.3d 295, 301 (5th Cir. 1999). The exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition." *See Anderson v. Johnson,* 338 F.3d 381, 386 (5th Cir. 2003).

Having reviewed the state court records, the court agrees that claims (d) and (g) do not sufficiently correspond with petitioner's ineffective-assistance claims raised on appeal and in his state habeas application. Thus, the claims raised for the first time in his federal petition are unexhausted for purposes of § 2254(b)(1)(A). Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes

---

[2]The grounds as stated by respondent correspond only in part with the court's interpretation of the grounds raised.

of exhausting the claims. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (West 2015). The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, claims (d) and (g) are unexhausted and procedurally barred from this court's review. *See Smith v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000).

Petitioner was represented at trial by Richard Mitchell. The state habeas judge, who also presided at petitioner's trial, conducted a hearing by affidavit. Mitchell responded to one or more of petitioner's allegations as follows (all spelling, punctuation and/or grammatical errors are in the original)[3]:

Ground 1

[Petitioner]'s Trial Counsel [(counsel)] made a correct objection to the admission of the pictures which were taken from the petitioner's phone. This objection should have been sustained by the trial court under the 4th Amendment of the US constitution and Art 1 section 9 of the Texas Constitution. Seizure and search of a cell phone without a warrant has been also held unconstitutional absent exigent circumstances under *Riley v. California,* 573 U.S. ___ (2014)

While [counsel] objected to the evidence, he failed to have the jury instructed under Tex Code of Crim Proc. 38.23. Under *Strickland,* an attorney renders ineffective assistance if the attorney's representation

---

[3]Counsel's grounds do not correspond with the claims as enumerated above.

fell below an objective standard of reasonableness
under prevailing professional norms and whether there
is a "reasonable probability that the result of the
trial would have been different," but for counsel's
deficient performance. 466 U.S. 668, 694 (1984).
"Reasonable probability" is probability sufficient to
undermine the confidence in the outcome.

In this case it was required that [counsel]
request the instruction or could and should have
objected to the court's charge that excluded the
instruction. Art 38.23 is not a novel or new statute
and is regularly cited in criminal actions.

The error is not sufficient to undermine the
confidence in the outcome. Ray Miller witnessed the
passing or attempted passing of the methamphetamine,
from the [petitioner]'s possession to his hands, he
testified about his role in setting up the transaction
from solicitation to completion with either the
[petitioner] or some unknown person. Joey Watt also
testified that he was at the scene when the
[petitioner] was arrested and reiterated what Mr Miller
testified. Without the text messages there was still
enough evidence to convict the [petitioner].

In conclusion while it was error to not request
for the instruction there is only a minor probability
that the outcome would have been different.

Ground 2

The Amarillo Court of Appeals in its opinion
confuses the reader when it writes "Moreover, the text
messages on Miller's cellphone are near mirror images
of the texts admitted from [petitioner]'s phone."
Neither the State nor the Defendant offered Mr Miller's
text messages into evidence so it is confusing why
this sentence is even in the opinion. However, at the
paragraph's end . . . the language seems to suggest
that the court understood that it was only the text
messages on the [petitioner]'s phone that was admitted
into evidence.

[Counsel] has not viewed the video of the
interrogation to refresh my memory. However, I believe
that the video was edited and stopped prior to his
invocation of his right to counsel. The [petitioner]

was interrogated again by law enforcement but that video was neither used nor was any information from it used in trial.

The other sub-grounds are answered in the above paragraphs.

Ground Three

. [Counsel] has no memory of the interrogation containing a discussion of the text messages.

[Counsel] did request two lesser included instructions.

1) Possession instead of delivery of a controlled substance over 4 grams under 200 grams and

2) Delivery of less than one gram.

Ground 3 sub-parts are answered in the above paragraphs

Ground 4

State's Exhibit 30 would have been admitted since it was offered by the State and it has a tendency to prove the existence of a transaction.

There were no exigent circumstances and the admission of the text messages was erroneous.

Ground 4 sub-parts are answered in the above paragraphs

Ground 5

If the photographs were used with the [petitioner] after he invoked his right to counsel then that portion would not have been played. [Counsel] has no memory of . . . Watt showing the [petitioner] the photographs during his interrogation.

Ground 5 sub-parts have been answered in the above paragraphs

Ground 6

> The photographs of Mr. Miller's text messages were
> not offered at trial or admitted. It is unclear if the
> Seventh Court of Appeals meant to say that they were
> admitted into trial.

(Supp. State Habeas R. 13-15, doc. 11-20.)

The habeas court entered findings of fact consistent with
counsel's affidavit and, applying the *Strickland* standard,
concluded that petitioner had failed to prove that trial counsel
provided ineffective assistance and that any error that may have
been committed by counsel did not contribute to petitioner's
conviction or punishment in light of the overwhelming evidence of
his guilt. (*Id.* at 19-21.) In turn, the Texas Court of Criminal
Appeals rejected petitioner's claims based on the habeas court's
factual findings. Petitioner fails to rebut those findings by
clear and convincing evidence. Therefore, relying on the
presumptive correctness of the state courts' factual
determinations, and having independently reviewed petitioner's
claims in conjunction with the state court records, the state
courts' adjudication of the claims is not contrary to or an
unreasonable application of *Strickland.*

Petitioner claims counsel was ineffective by failing to file
a motion to suppress his cell phone and its contents prior to
trial. However, under the then existing law, petitioner cannot
demonstrate that such a motion would have been successful. *See
Garland v. Maggio,* 717 F.2d 199, 205-06 (5th Cir. 1983).
Furthermore, the state appellate court, applying state procedural

rules, rejected the claim as follows:

> [Petitioner] asserts his counsel was ineffective because he did not request a pretrial determination whether [petitioner]'s text messages should have been suppressed. During trial, the trial court had the authority to admit or exclude [petitioner]'s text messages. Moreover, a defendant's counsel may either file a pretrial motion to suppress evidence or wait until trial on the merits and object when the alleged unlawfully obtained evidence is offered. Accordingly, that [petitioner]'s attorney chose the latter approach does not make his representation ineffective, but even if he were, we find no harm because he objected to the admission of [petitioner]'s text messages when the trial court had authority to exclude the evidence and admonish the jury not to consider it.

(Mem. Op. 5-6, doc. 11-4 (citations omitted).)

Petitioner claims counsel was ineffective by failing to file a motion to suppress or object to admission of the video recording of the drug transaction because it "does not show the commission of any offense for which he was tried thus it has no relevance as it does not corroborate officer Ray Miller[']s testimony because the device was not working properly." (Pet'r's Mem. 10, doc. 2.) This claim is conclusory, with no legal and/or factual basis in the record. *See Ross v. Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983) (providing conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding). Such recordings of conversations between a defendant and an undercover officer are relevant and "probative of a defendant's willingness to distribute drugs unlawfully." *See United States v. Dunbar,* 614

F.2d 39, 42 (5th Cir. 1980). Additionally, officer Miller identified himself and officer Watt as participants, explained how the pen camera worked, how the recording was made, that he had used the device before, and that the indicator light on the device was "working" at the time the recording was made. (Reporter's R., vol. 3, 39-40, 53-54, doc. 11-8.) This provided adequate indicia of reliability to be admissible. *See United States v. DeLeon,* 247 F.3d 593, 597 (5th Cir. 2011); *United States v. Dixon,* 132 F.3d 192, 198 (5th Cir. 1997).

Petitioner claims counsel was ineffective by failing to supplement the motion to suppress the recording of his custodial interrogation on the basis that "[he] was interrogated with the photographs of the contents of his cell phone" and after he invoked his right to counsel. (Pet. 6, doc. 1.) This claim is equally conclusory, with no legal and/or evidentiary basis found in the record. To the contrary, counsel's affidavit suggests that no mention of the text messages was made to petitioner during the interrogation and that the recording was "edited and stopped" prior to petitioner's invocation of his right to counsel. Additionally, the record indicates that counsel did raise an objection to admission of the recording if it was not redacted per prior agreement of the parties. (Reporter's R., vol. 3, 85-86, doc. 11-8.)

Petitioner claims counsel was ineffective by failing to

"supplement his request for a lesser included charge of possession based upon the fact that when [he] was arrested and searched the alleged buy money was never recovered or admitted into evidence to corroborate the charge of delivery for remuneration" and "based upon the absence of corroborating evidence to establish a delivery by actual transfer" pursuant to state statutes. (Id. at 7.) As found by the state habeas court, this claim is refuted by the record. (Reporter's R., vol. 3, 108-09, doc. 11-8.) Moreover, the state did not need to provide evidence corroborating officer Miller's testimony that the exchange occurred to support a verdict of guilty.

A petitioner shoulders a heavy burden to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of reasonable professional assistance." *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985). Petitioner presents no evidentiary, factual, or legal basis in this federal habeas action that could lead the court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court. 28 U.S.C. § 2254(d). In any event, even if petitioner could demonstrate, or counsel does admit, defective assistance based on one or more of the claims raised, petitioner has not made a showing of *Strickland* prejudice. *Strickland,* 466 U.S. at 694-96. Given the overwhelming evidence of petitioner's guilt, there is

no reasonable probability that the jury would have acquitted him but for counsel's acts or omissions.

Nor does petitioner identify any potentially meritorious issues that appellate counsel should have raised on direct appeal. Appellate counsel is not required to raise every conceivable argument urged by his client on appeal, regardless of merit. *Smith v. Robbins,* 528 U.S. 259, 287-88 (2000). It is counsel's duty to choose among potential issues according to his judgment as to their merits and the tactical approach taken. *Jones v. Barnes,* 463 U.S. 745, 749 (1983).

Petitioner claims his appellate counsel was ineffective by failing to file a motion for rehearing on appeal to correct the appellate court's erroneous recitation of the facts and failing to raise his ineffective-assistance claims in addition to the other claims he now presents. (Pet. 7A, doc. 1.) A criminal defendant has no constitutional right to counsel on matters related to filing a motion for rehearing following disposition of his case on direct appeal; thus, petitioner cannot have received "constitutionally deficient counsel" based on counsel's failure to file a motion rehearing. *See Jackson v. Johnson,* 217 F.3d 360, 364-65 (5th Cir. 2000).[4]

_____

[4]Even if counsel had filed a motion for rehearing for the purpose of correcting the appellate court's factual statement of the case, the discrepancies are of little or no consequence. Petitioner points to two factual errors in the appellate court's recitation of the facts. The first is the misstatement that "Both sets of texts were admitted into evidence." A review of the reporter's record of the trial reflects that only the texts from

Furthermore, although, in Texas, claims of ineffective assistance of trial counsel can be properly raised on appeal if the appellate record is sufficiently developed, in most cases, including this case, the trial record alone will be insufficient. Consequently, appellate counsel was not ineffective in failing to raise petitioner's claims on appeal. *Evitts,* 469 U.S. at 394; *United States v. Gibson,* 55 F.3d 173, 179 (5th Cir. 1995). Petitioner fails to raise any meritorious claims in this petition. Prejudice does not result from appellate counsel's failure to assert meritless claims or arguments. *See United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994). Thus, it follows that counsel was not ineffective for failing to raise one or more of petitioner's claims on appeal.

A petitioner shoulders a heavy burden to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of reasonable professional assistance." Messer v. Kemp, 760 F.2d 1080, 1090 (11th Cir. 1985). Petitioner presents no evidentiary, factual or legal basis in this federal habeas action that could lead the court to conclude that the

---

petitioner's phone were actually admitted at trial. However, officer Miller testified that he compared the text messages on both phones and that they were the same. (Reporter's R., vol. 3, 100, doc. 11-8.) The second alleged misstatement is that "Miller handed [petitioner] $550, and [petitioner] handed him the baggie." Petitioner asserts that Miller did not give him $550 and that he did not have any alleged "buy money" on his person when he was arrested. (Pet'r's Traverse 2, doc. 15.) Although the video recording did not capture the actual transfer of the drugs and the money, the audio portion of the transaction was captured and officer Miller testified that the exchange did occur. (Reporter's R., vol. 3, 43-44, doc. 11-8.)

state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court. 28 U.S.C. § 2254(d).

## V. CONCLUSION

For the reasons discussed herein,

The court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would question the court's procedural rulings.

SIGNED February 13, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE